UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JORGE and Imme KLEBE,

    Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

    Defendant.
-----------------------------------------------------------X

COMPLAINT



ROBINSON
07 CIV. 7071

    By and through their counsel, Michael H. Sussman, plaintiffs complain against defendant as follows:

    1. Plaintiffs own property in the Town of Poughkeepsie, County of Dutchess, within this judicial district.

    2. Defendant, Tri Municipal Sewer Commission, is a governmental entity which operates a sewage treatment facility in the Town Poughkeepsie, County of Dutchess, within this judicial district.

    3. This Court has jurisdiction over this matter pursuant to 33 U.S.C. sec. 1301, et seq., the Clean Water Act [hereinafter "CWA"] and 28 U.S.C. sec. 1367 since the underlying nucleus of operative facts is common to the state and federal claims.

    4. In February 2007, more than sixty days ago, plaintiffs notified both defendant and relevant state and federal regulatory agencies of their intent to file

this suit unless actions were taken to prevent and remediate defendant's violations of the Clean Water Act.

5. None of the recipients of said notice letter responded in any manner or took any action either to remediate violations of the Act or to prevent said violations from continuing.

6. Since its start-up in 1989 and continuing, defendant has operated its sewage treatment facility in such a manner as to cause the unpermitted discharge of waste into the Hudson River, a covered waterway under the Clean Water Act.

7. Said discharges have violated applicable and established SPDES limitations without consequence or remediation.

8. Said violations have been continuing in nature, not isolated.

9. Defendant has been advised of said violations, but taken insufficient operational measures to insure cessation of such violations or their remediation.

10. Neither state nor federal regulatory agencies have required the defendant to take sufficient measures to desist from such SPDES violations or to remedy the same.

11. Concurrently, defendant's plant has emitted noxious odors of particular impact to adjacent property owners, like plaintiffs.

12. On account of said odors and the unpermitted discharge of waste water in violations of its SPDES permit, defendant has [a] diminished the value of

plaintiffs' property; [b] interfered with the plaintiffs' use and enjoyment of their own property and [c] impaired and impeded plaintiffs' use and enjoyment of the Hudson River.

13. Said impacts upon plaintiffs have been more intense than those experienced by the public at large due to the location of plaintiffs' property and the impact of noxious odors and unpermitted discharges to those living in close proximity to the defendant's facility.

14. Plaintiffs, or one of them, has provided defendant notice of the odors being released from the defendant's facility.

15. Despite said notice, such odors continued.

16. Plaintiffs' active use and enjoyment of the Hudson River has been, and continues to be, limited by the defendant's violation of the Clean Water Act and its engagement in the creation of noxious odors.

17. By discharging waste products in excess of its SPDES violation, defendant has violated the Clean Water Act. As state and federal authorities have inadequately insured defendant's compliance with this federal law, plaintiffs have standing to assert the interests of the CWA against defendant.

18. By discharging waste products and emitting noxious odors, defendant has engaged in the creation of a nuisance as against plaintiffs and their property. Said conditions continues to this day and has existed for more than ten years.

WHEREFORE, this Honorable Court should:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide all issues within its jurisdiction;

c) award compensatory damages to plaintiffs on their federal and state law claims;

d) require the defendant to promptly remediate the damage it has caused the Hudson River and enjoin defendant from continuing to violate the CWA and from continuing to create a nuisance for plaintiffs and their property and

e) award plaintiffs the fees and costs arising from the prosecution of this suit and

f) enter any other order the interests of justice requires.

Respectfully submitted,

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW 10924
(845)-294-3991

Counsel for Plaintiffs

Dated: August 1, 2007