UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORGE and IMME KLEBE,

        Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

        Defendant.
------------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

**ANSWER**

      Defendant, Tri-Municipal Sewer Commission, by its attorneys, Sive, Paget & Riesel, P.C., for its answer to the Complaint filed by plaintiffs in the instant action ("Complaint"), respond as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

      2.    Admits the allegations set forth in paragraph "2" of the Complaint.

      3.    Paragraph "3" of the Complaint contains conclusions of law to which no answer is required. However, to the extent plaintiffs allege facts that they contend support that this Court has subject matter jurisdiction over this matter, such allegations are denied.

      4.    Denies the allegations contained in paragraph "4" of the Complaint, except admits that plaintiffs notified defendant of their intent to file suit under the Clean Water Act although said notice was insufficient, and denies knowledge or information sufficient to form a belief as to whether plaintiffs notified "relevant state and federal agencies" of their intent to file suit under the Clean Water Act.

5.   Denies the allegations contained in paragraph "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether any other recipients responded to plaintiffs' so-called "notice letter."

6.   Denies the allegations contained in paragraph "6" of the Complaint.

7.   Denies the allegations contained in paragraph "7" of the Complaint.

8.   Denies the allegations contained in paragraph "8" of the Complaint.

9.   Denies the allegations contained in paragraph "9" of the Complaint.

10.  Denies the allegations contained in paragraph "10" of the Complaint.

11.  Denies the allegations contained in paragraph "11" of the Complaint.

12.  Denies the allegations contained in paragraph "12" of the Complaint.

13.  Denies the allegations contained in paragraph "13" of the Complaint.

14.  Admits the allegation set forth in paragraph "14" of the Complaint that plaintiffs have complained to defendant about alleged odors from defendant's facility.

15.  Denies the allegations contained in paragraph "15" of the Complaint.

16.  Denies the allegations contained in paragraph "16" of the Complaint.

17.  Denies the allegations contained in paragraph "17" of the Complaint.

18.  Denies the allegations contained in paragraph "18" of the Complaint.

19.  Denies each and every other allegation in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

20.  This Court lacks subject matter jurisdiction over plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

21.  Plaintiffs' notice letter is an insufficient and improper basis upon which to bring a citizen suit under the Clean Water Act.

### THIRD AFFIRMATIVE DEFENSE

22. Each claim for relief in the Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

### FIFTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

25. Plaintiffs' common-law claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' common-law claims are barred in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

27. Plaintiffs are barred from recovery by reason of their failure to mitigate or avoid any of their alleged damages.

### NINTH AFFIRMATIVE DEFENSE

28. Any violations by defendant are not continuing violations.

### TENTH AFFIRMATIVE DEFENSE

29. The alleged injuries, damages and matters complained of were due to avoidable consequences beyond the control or fault of defendant.

WHEREFORE, defendant Tri-Municipal Sewer Commission respectfully requests (i) that the Complaint be dismissed in its entirety, (ii) that plaintiffs be required to reimburse defendant for all of defendant's attorneys' fees and other costs associated with the defense of this action, and (iii) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 15, 2008

                                  SIVE, PAGET & RIESEL, P.C.
                                  Attorneys for defendant
                                  Tri-Municipal Sewer Commission

By: _____
     STEVEN C. RUSSO (SR-7689)
     460 Park Avenue
     New York, New York 10022
     (212) 421-2150

To:   Michael H. Sussman, Esq.
       Sussman & Watkins
       P.O. Box 1005
       Goshen, New York 10924
       (845) 294-3991

4921/answer 1-14-08