# SIVE, PAGET & RIESEL, P.C.

| | | |
|---|---|---|
| STEVEN BARSHOV<br>MICHAEL S. BOGIN<br>PAUL D. CASOWITZ*<br>MARK A. CHERTOK<br>PAMELA R. ESTERMAN*<br>JEFFREY B. GRACER<br>DAVID PAGET<br>DANIEL RIESEL<br>STEVEN C. RUSSO<br>DAVID S. YUDELSON<br><br>*ALSO ADMITTED IN NJ | 460 PARK AVENUE<br>NEW YORK, NEW YORK 10022-1906<br><br>TELEPHONE: (212) 421-2150<br>FACSIMILE: (212) 421-1891 | DAVID SIVE (RET.)<br><br>DAN CHOROST*<br>JENNIFER L. COGHLAN<br>CHRISTINE M. LEAS<br>ASHLEY S. MILLER<br>ELIZABETH A. READ<br><br>ARTHUR J. JACOBSON<br>COUNSEL |

**MEMO ENDORSED**

WEB SITE: www.sprlaw.com
E-MAIL: sprlaw@sprlaw.com

February 19, 2008

VIA FEDERAL EXPRESS

The Honorable Kenneth M. Karas
United States District Court for the Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

    Re:    Request for pre-motion conference in
            <u>Klebe v. Tri Municipal Sewer Commission</u>, No. 07-CIV-7071 (KMK)

Judge Karas:

       We represent defendant Tri-Municipal Sewer Commission ("Tri-Municipal") in the above-referenced action. We respectfully request a pre-motion conference to discuss our anticipated motion for summary judgment to dismiss the complaint because plaintiffs' Notice of Violation and Intent to Sue Letter ("NOI Letter") fails to provide sufficient information as required by the Clean Water Act, its accompanying regulations, and precedential case law.

       Jorge and Imssy Klebe sent Tri-Municipal a NOI Letter, dated February 9, 2007, stating that Tri-Municipal "has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River and thereby degrading said river" and that the "unpermitted and illegal discharges are, and have been, continuing in nature since at least 2001." Jorge and Imme Klebe (the "Plaintiffs") then filed a Complaint on August 8, 2007, that contained similar allegations and included a nuisance claim.

       Under the Clean Water Act, citizens may not commence a civil action on their own behalf "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the Environmental Protection Agency], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). The notice "must include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address,

SIVE, PAGET & RIESEL, P.C.

Page 2 of 2
February 19, 2008

and telephone number of the person giving notice." 40 C.F.R. § 135.3(a). A "sufficient" NOI Letter must include the pollutant that plaintiff alleges is the basis of the violation. Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 487 (2d Cir. 2001).

    The NOI Letter does not include sufficient information to inform Tri-Municipal of any alleged discharges in violation of its State Pollution Discharge Elimination System ("SPDES") permit. The NOI Letter does not: (1) list what pollutants Tri-Municipal allegedly discharged in violation of its SPDES permit limitations; (2) allege what limitations Tri-Municipal violated; and (3) include plaintiffs' full address and telephone number. There is no factual support for Plaintiffs' claims, and no issue of fact presented in this case.

    Therefore, we respectfully request a pre-motion conference to discuss the above-mentioned issues prior to submitting our motion for summary judgment.

Sincerely,

Steven C. Russo

Cc:    Michael H. Sussman, Esq.

P:\4921\Pre-MotionConferenceletter.doc

*[Handwritten note:]* The Court will hold a pre-motion conference on March 19, 2008, at 10:00. Plaintiffs are to respond to this letter (as per the Court's individual practices) by March 10, 2008.

SO ORDERED

KENNETH M. KARAS U.S.D.J.