UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JORGE and IMME KLEBE,

            Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

            Defendant.
-----------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

AFFIDAVIT OF STEVEN C.
RUSSO IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

       STEVEN C. RUSSO, being sworn, states:

       1.    I am a member of Sive, Paget & Riesel, P.C. which represents defendant Tri-Municipal Sewer Commission ("Tri-Municipal") in this matter. This Affidavit is submitted in support of Tri-Municipal's motion for summary judgment dismissing the Complaint as against it.

       2.    Jorge and Imssy Klebe sent Tri-Municipal a Notice of Violation and Intent to Sue letter ("NOI letter"), dated February 1, 2007 and signed February 2, 2007. A copy of the NOI letter is annexed hereto as Exhibit "A".

       3.    The Complaint was filed by Jorge and Imme Klebe on August 8, 2007. A copy of the Complaint and Tri-Municipal's Answer are annexed hereto as Exhibits "B" and "C", respectively.

       4.    Under the Clean Water Act ("CWA"), the Environmental Protection Agency ("EPA") may delegate to states the authority to issue discharge permits as long as the state's clean water program and permits issued under the program are no less stringent than the CWA and its permitting requirements. EPA has delegated CWA permitting authority to the New York State Department of Environmental Conservation ("DEC") within the State of New York, under the State Pollution Discharge Elimination System ("SPDES") program. The SPDES permit

regulates the facility's discharge of pollutants in order to maintain applicable water quality standards. Tri-Municipal operates a sewage treatment facility in the Town of Poughkeepsie, New York pursuant to a SPDES permit issued by DEC, effective September 1, 1994. A copy of Tri-Municipal's SPDES permit is annexed hereto as Exhibit "D".

5. Tri-Municipal's SPDES permit contains specific limits relating to the facility's discharges for the following parameters: flow; $CBOD_5$;[1] suspended solids; settleable solids; pH; Nitrogen, Ammonia; Nitrogen, TKN; temperature; total copper; fecal coliform; total residual chlorine; and Mercury. A copy of Tri-Municipal's SPDES permit is annexed hereto as Exhibit "D".

6. The NOI letter states that Tri-Municipal "has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River."

7. The NOI letter states that Jorge and Imssy Klebe own property on "Sheafe Road, Town of Wappinger, State of New York."

8. The NOI letter is insufficient because it does not include sufficient information for Tri-Municipal to know what specific standard or limitation Tri-Municipal allegedly violated, or what activity of Tri-Municipal constituted said violation, as required by 40 C.F.R. § 135.3(a). That information, set forth in the Discharge Monitoring Reports, or DMRS, prepared by Tri-Municipal as required by the CWA, are publicly available documents that plaintiffs can access.

9. The NOI letter is also insufficient because it does not state the full address and telephone number of Jorge and Imssy Klebe, as required by 40 C.F.R. § 135.3(a). Accordingly,

---

[1] $CBOD_5$ is carbonaceous biological oxygen demand.

2

because this complaint is based on a defective NOI letter, Tri-Municipal should be granted summary judgment dismissing the Complaint in its entirety.

_____
STEVEN C. RUSSO

Sworn to and subscribed before me
This 3rd day of April, 2008

_____
NOTARY PUBLIC

VIVIAN PERLMUTTER
Notary Public, State of New York
No. 41-4520782
Qualified in Nassau County
Commission Expires ~~February 28, 20~~
APRIL 22, 2011

P:\4921\AffofStevenRusso.doc