Exhibit A

# NOTICE OF VIOLATION AND INTENT TO SUE

To: New York State Department of Environment Conservation
    Attorney General, State of New York
    United States Environmental Protection Agency
    United States Attorney's Office, S.D.N.Y.
    Tri Municipal Plant and Compost Facility

SIRS AND MADAMES:

PLEASE TAKE NOTICE that JORGE and IMSSY KLEBE OF SHEAFE ROAD, TOWN OF WAPPINGER, STATE OF NEW YORK, hereby state and declare:

1. Complainants own property and have a home which borders the Hudson River at the above location.

2. Complainants hereby complain that the Tri Municipal Plant and Compost Facility, situate at 171 Sheafe Rd., Wappinger Falls, New York 12590, SPDES No: NY 014 9209 and DEC NO: 3-1346-00066-00002, has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River and thereby degrading said river.

3. Complainants further state that said unpermitted and illegal discharges are, and have been, continuing in nature since at least 2001.

4. Complainants further state that despite knowledge of said unpermitted and illegal discharges, to date, responsible State and Federal regulatory agencies have not taken remedial action sufficient to prevent and/or cure the same.

5. Complainants advise of their intent, if said situation continues, to initiate suit pursuant to the Clean Water Act and other relevant statutes to cause this practice to desist and to abate the adverse environmental impacts of such illegal conduct.

6. Complainants hereby identify Michael H. Sussman, Esq., Law Offices of Michael H. Sussman, PO Box 1005, Goshen, NY 10924 [845]-294-3991 as their counsel.

Dated: February 1, 2007.

_Imssy Klebe_
IMSSY KLEBE

_Jorge Klebe_
JORGE KLEBE

I hereby certify that Imssy and Jorge Klebe signed this document before me this 2nd date of February 2007.

_[signature]_
NOTARY PUBLIC

PATRICIA SICOLO
Notary Public, State of New York
Reg. # 01SI5053046
Qualified in Orange County
Commission Expires December 11, 20 09

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JORGE and Imme KLEBE,

      Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

      Defendant.

------------------------------------------------------------X

**COMPLAINT**

**07 CIV. 7071**

By and through their counsel, Michael H. Sussman, plaintiffs complain

against defendant as follows:

1. Plaintiffs own property in the Town of Poughkeepsie, County of

Dutchess, within this judicial district.

2. Defendant, Tri Municipal Sewer Commission, is a governmental entity

which operates a sewage treatment facility in the Town Poughkeepsie, County of

Dutchess, within this judicial district.

3. This Court has jurisdiction over this matter pursuant to 33 U.S.C. sec.

1301, et seq., the Clean Water Act [hereinafter "CWA"] and 28 U.S.C. sec. 1367

since the underlying nucleus of operative facts is common to the state and federal

claims.

4. In February 2007, more than sixty days ago, plaintiffs notified both

defendant and relevant state and federal regulatory agencies of their intent to file

this suit unless actions were taken to prevent and remediate defendant's violations of the Clean Water Act.

5. None of the recipients of said notice letter responded in any manner or took any action either to remediate violations of the Act or to prevent said violations from continuing.

6. Since its start-up in 1989 and continuing, defendant has operated its sewage treatment facility in such a manner as to cause the unpermitted discharge of waste into the Hudson River, a covered waterway under the Clean Water Act.

7. Said discharges have violated applicable and established SPDES limitations without consequence or remediation.

8. Said violations have been continuing in nature, not isolated.

9. Defendant has been advised of said violations, but taken insufficient operational measures to insure cessation of such violations or their remediation.

10. Neither state nor federal regulatory agencies have required the defendant to take sufficient measures to desist from such SPDES violations or to remedy the same.

11. Concurrently, defendant's plant has emitted noxious odors of particular impact to adjacent property owners, like plaintiffs.

12. On account of said odors and the unpermitted discharge of waste water in violations of its SPDES permit, defendant has [a] diminished the value of

plaintiffs' property; [b] interfered with the plaintiffs' use and enjoyment of their

own property and [c] impaired and impeded plaintiffs' use and enjoyment of the

Hudson River.

13. Said impacts upon plaintiffs have been more intense than those

experienced by the public at large due to the location of plaintiffs' property and the

impact of noxious odors and unpermitted discharges to those living in close

proximity to the defendant's facility.

14. Plaintiffs, or one of them, has provided defendant notice of the odors

being released from the defendant's facility.

15. Despite said notice, such odors continued.

16. Plaintiffs' active use and enjoyment of the Hudson River has been, and

continues to be, limited by the defendant's violation of the Clean Water Act and its

engagement in the creation of noxious odors.

17. By discharging waste products in excess of its SPDES violation,

defendant has violated the Clean Water Act. As state and federal authorities have

inadequately insured defendant's compliance with this federal law, plaintiffs have

standing to assert the interests of the CWA against defendant.

18. By discharging waste products and emitting noxious odors, defendant

has engaged in the creation of a nuisance as against plaintiffs and their property.

Said conditions continues to this day and has existed for more than ten years.

WHEREFORE, this Honorable Court should:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide all issues within its jurisdiction;

c) award compensatory damages to plaintiffs on their federal and state law claims;

d) require the defendant to promptly remediate the damage it has caused the Hudson River and enjoin defendant from continuing to violate the CWA and from continuing to create a nuisance for plaintiffs and their property and

e) award plaintiffs the fees and costs arising from the prosecution of this suit and

f) enter any other order the interests of justice requires.

Respectfully submitted,

MICHAEL H. SUSSMAN

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW 10924
(845)-294-3991

Counsel for Plaintiffs

Dated: August 1, 2007

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JORGE and IMME KLEBE,

          Plaintiffs,

          vs.

TRI MUNICIPAL SEWER COMMISSION,

          Defendant.

------------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

**ANSWER**

       Defendant, Tri-Municipal Sewer Commission, by its attorneys, Sive, Paget &
Riesel, P.C., for its answer to the Complaint filed by plaintiffs in the instant action
("Complaint"), respond as follows:

       1.    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "1" of the Complaint.

       2.    Admits the allegations set forth in paragraph "2" of the Complaint.

       3.    Paragraph "3" of the Complaint contains conclusions of law to which no
answer is required.  However, to the extent plaintiffs allege facts that they contend
support that this Court has subject matter jurisdiction over this matter, such allegations
are denied.

       4.    Denies the allegations contained in paragraph "4" of the Complaint, except
admits that plaintiffs notified defendant of their intent to file suit under the Clean Water
Act although said notice was insufficient, and denies knowledge or information sufficient
to form a belief as to whether plaintiffs notified "relevant state and federal agencies" of
their intent to file suit under the Clean Water Act.

5.      Denies the allegations contained in paragraph "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether any other recipients responded to plaintiffs' so-called "notice letter."

6.      Denies the allegations contained in paragraph "6" of the Complaint.

7.      Denies the allegations contained in paragraph "7" of the Complaint.

8.      Denies the allegations contained in paragraph "8" of the Complaint.

9.      Denies the allegations contained in paragraph "9" of the Complaint.

10.     Denies the allegations contained in paragraph "10" of the Complaint.

11.     Denies the allegations contained in paragraph "11" of the Complaint.

12.     Denies the allegations contained in paragraph "12" of the Complaint.

13.     Denies the allegations contained in paragraph "13" of the Complaint.

14.     Admits the allegation set forth in paragraph "14" of the Complaint that plaintiffs have complained to defendant about alleged odors from defendant's facility.

15.     Denies the allegations contained in paragraph "15" of the Complaint.

16.     Denies the allegations contained in paragraph "16" of the Complaint.

17.     Denies the allegations contained in paragraph "17" of the Complaint.

18.     Denies the allegations contained in paragraph "18" of the Complaint.

19.     Denies each and every other allegation in the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

20.     This Court lacks subject matter jurisdiction over plaintiffs' claims.

<u>SECOND AFFIRMATIVE DEFENSE</u>

21.     Plaintiffs' notice letter is an insufficient and improper basis upon which to bring a citizen suit under the Clean Water Act.

2

## THIRD AFFIRMATIVE DEFENSE

22.    Each claim for relief in the Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

23.    Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata.

## FIFTH AFFIRMATIVE DEFENSE

24.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' common-law claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' common-law claims are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

27.    Plaintiffs are barred from recovery by reason of their failure to mitigate or avoid any of their alleged damages.

## NINTH AFFIRMATIVE DEFENSE

28.    Any violations by defendant are not continuing violations.

## TENTH AFFIRMATIVE DEFENSE

29.    The alleged injuries, damages and matters complained of were due to avoidable consequences beyond the control or fault of defendant.

WHEREFORE, defendant Tri-Municipal Sewer Commission respectfully requests (i) that the Complaint be dismissed in its entirety, (ii) that plaintiffs be required to reimburse defendant for all of defendant's attorneys' fees and other costs associated with the defense of this action, and (iii) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 15, 2008

SIVE, PAGET & RIESEL, P.C.
Attorneys for defendant
Tri-Municipal Sewer Commission

By:    STEVEN C. RUSSO (SR-7689)
       460 Park Avenue
       New York, New York 10022
       (212) 421-2150

To:    Michael H. Sussman, Esq.
       Sussman & Watkins
       P.O. Box 1005
       Goshen, New York 10924
       (845) 294-3991

4921/answer 1-14-08

Exhibit D

**New York State Department of Environmental Conservation**
Division of Environmental Permits, 4th Floor
625 Broadway, Albany, New York 12233-1750
**Phone:** (518) 402-9167 • **FAX:** (518) 402-9168
**Website:** www.dec.state.ny.us



Erin M. Crotty
Commissioner

# STATEMENT OF STATE POLLUTANT DISCHARGE ELIMINATION SYSTEM (SPDES) PERMIT MODIFICATION
## TO BE KEPT WITH SPDES PERMIT NUMBER  NY 0149209.
### TRI-MUNICIPAL WWTP
### DEC ID 313460006600002
### EFFECTIVE 27 FEBRUARY 2004

Per Department of Environmental Conservation amendment to the regulations governing the administration of the State Pollutant Discharge Elimination System Permit, this permit is hereby modified to mandate compliance with New York State Environmental Conservation Law, 6 NYCRR Part 750 entitled <u>State Pollutant Discharge Elimination System (SPDES) Permits</u>.

This Department initiated modification to your permit deletes the former 'Part II General Conditions' requirements and all references to them from your permit, and further amends the permit requiring you to comply with 6 NYCRR 750-2, entitled <u>Operating in Accordance with a SPDES Permit</u>.

91-20-2 (1/89)

**NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION**
**State Pollutant Discharge Elimination System (SPDES)**
**DISCHARGE PERMIT**
**Special Conditions (Part I)**

AUG 0 9 1994

| | |
|---|---|
| Industrial Code: | 4952 |
| Discharge Class (CL): | 05 |
| Toxic Class (TX): | N |
| Major Drainage Basin: | 13 |
| Sub Drainage Basin: | 01 |
| Water Index Number: | HR |
| Compact Area: | |

| | |
|---|---|
| SPDES Number: | NY - 0149209 |
| DEC Number: | 3/1346-00066/2-0 |
| Effective Date (EDP): | SEPTEMBER 1, 1994 |
| Expiration Date (ExDP): | SEPTEMBER 1, 1999 |
| Modification Date(s): | |
| Attachment(s): | General Conditions (Part II) Date: 11/90 |

This SPDES permit is issued in compliance with Title 8 of Article 17 of the Environmental Conservation Law of New York State and in compliance with the Clean Water Act as amended, (33 U.S.C. Section 1251 et. seq.) (hereafter referred to as "the Act").

**PERMITTEE NAME AND ADDRESS**          Attention: Chairperson

| | |
|---|---|
| Name: | Tri-Municipal Sewer Commission |
| Street: | P O Box 859 |
| City: | Wappingers Falls      State: NY   Zip Code: 12590 |

Is authorized to discharge from the facility described below:

**FACILITY NAME AND ADDRESS**

| | |
|---|---|
| Name: | Tri-Municipal W.W.T.P. |
| Location (C,T,V): | Poughkeepsie                County: Dutchess |
| Facility Address: | 171 Sheafe Road |
| City: | Wappingers Falls      State: NY   Zip Code: 12590 |
| NYTM - E: | NYTM - N: 4 |
| From Outfall No.: | 001   at Latitude: 41° 36' 30" & Longitude: 73° 56' 36" |
| Into receiving waters known as: | Hudson River            Class: A |

and; (list other Outfalls, Receiving Waters & Water Classifications)

**DISCHARGE MONITORING REPORT (DMR) MAILING ADDRESS**

| | |
|---|---|
| Mailing Name: | Tri-Municipal Wastewater Treatment Plant |
| Street: | 171 Sheafe Road |
| City: | Wappingers Falls      State: NY   Zip Code: 12590 |
| Responsible Official or Agent: | Phone: ( ) |

This permit and the authorization to discharge shall expire on midnight of the expiration date shown and the permittee shall not discharge after the expiration date unless this permit has been renewed, or extended pursuant to law. To be authorized to discharge beyond the expiration date, the permittee shall apply for a permit renewal no less than 180 days prior to the expiration date shown above.

DISTRIBUTION: P. Clark EFC (3750)
J. Marcogliese/E. Zicca      I. Klebe
R. Hannaford, BWFD (3505)

| Permit Administrator: Michael D. Merriman | MDM |
|---|---|
| Address: 21 S. Putt Corners Rd., New Paltz, NY 12561 | |

91-20-5 (5/97)

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
**State Pollutant Discharge Elimination System (SPDES)**
**NOTICE / RENEWAL APPLICATION / PERMIT**



Please read ALL instructions on the back before completing this application form. Please **TYPE** or **PRINT** clearly in ink.

### PART 1 - NOTICE

Permittee Contact Name, Title, Address

Facility and SPDES Permit Information

TRI-MUNICIPAL SEWER COMMISSION
~~RICHARD CERINO~~ *Joseph Davis*
PO BOX 859
WAPPINGERS FALLS NY 12590

Name: TRI-MUNICIPAL WWTP
Ind. Code:  4952   County:  DUTCHESS
DEC No.:  3-1346-00066/00002
SPDES No.:  NY  014 9209
Expiration Date:  09/01/2004
Application Due By:  03/05/2004

**Are these name(s) & address(es) correct?** If not, please write corrections above.

The State Pollutant Discharge Elimination System Permit for the facility referenced above expires on the date indicated. You are required by law to file a complete renewal application **at least 180 days prior to expiration of your current permit. Note the "Application Due By" date above.**

CAUTION: This short application form and attached questionnaire are the only forms acceptable for permit renewal. Sign Part 2 below and mail only this form and the completed questionnaire using the enclosed envelope. *Effective April 1, 1994 the Department no longer assesses SPDES application fees.*

If there are changes to your discharge, or to operations affecting the discharge, then in addition to this renewal application, you must also submit a **separate** permit modification application to the Regional Permit Administrator for the DEC region in which the facility is located, as required by your current permit. See the reverse side of this page for instructions on filing a modification request.

### PART 2 - RENEWAL APPLICATION

**CERTIFICATION:** I hereby affirm that under penalty of perjury that the information provided on this form and all attachments submitted herewith is true to the best of my knowledge and belief. False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law.

*Jack Railing*
Name of person signing application (see instructions on back)

*Administrator*
Title

*Jack E. Railing*
Signature

*3/4/04*
Date

### PART 3 - PERMIT (Below this line - Official Use Only)

Effective Date: *09/01/04*    Expiration Date: *09/01/09*

**William R Adriance**
Permit Administrator

NYSDEC - Division of Environmental Permits
Bureau of Environmental Analysis
625 Broadway, Albany, NY 12233-1750

Address:

*William R. Adriance*
Signature

*4/21/04*
Date

This permit together with the previous valid permit for this facility issued *5/12/99* and subsequent modifications constitute authorization to discharge wastewater in accordance with all terms, conditions and limitations specified in the previously issued valid permit, modifications thereof or issued as part of this permit, including any special and general conditions attached hereto. Nothing in this permit shall be deemed to waive the Department's authority to initiate a modification of this permit on the grounds specified in 6NYCRR §621.14, 6NYCRR §754.4 or 6NYCRR §757.1 existing at the time this permit is issued or which arise thereafter.

Attachments: ~~General Conditions dated~~ ___/___

91-20-2b (1/89)

SPDES No.: NY 014 9209

Part 1, Page __3__ of __5__
_Revised 3/1/2001  JmDM_

FINAL  EFFLUENT LIMITATIONS AND MONITORING REQUIREMENTS

During the period beginning <u>Completion of Plant Expansion to 2.775 MGD</u> and lasting until <u>9/1/04</u> the discharges from the permitted facility shall be limited and monitored by the permittee as specified below:

LIMITATIONS APPLY:        [X] All Year  [ ] Seasonal from _____ to _____

Outfall Number __001__

## EFFLUENT LIMITATIONS

| | | | | |
|---|---|---|---|---|
| [X] Flow | 30 day arithmetic mean | 2.775 | [X] MGD [ ] GPD | |
| [X] CBOD, 5 - Day | 30 day arithmetic mean | 25 | mg/l and 579 | lbs/day[1] |
| [X] CBOD, 5 - Day | 7 day arithmetic mean | 40 | mg/l and 926 | lbs/day |
| [ ] UOD[2] | | | mg/l and _____ | lbs/day |
| [X] Solids, Suspended | 30 day arithmetic mean | 30 | mg/l and 695 | lbs/day[1] |
| [X] Solids, Suspended | 7 day arithmetic mean | 45 | mg/l and 1042 | lbs/day |

[X] Effluent disinfection required: [X] All Year [ ] Seasonal from _____ to _____
   [X] Coliform, Fecal   30 day geometric mean shall not exceed 200/100 ml
   [X] Coliform, Fecal   7 day geometric mean shall not exceed 400/100 ml

| | | | |
|---|---|---|---|
| [X] Chlorine, Total Residual | Range In Contact Tank | 0.5 to 2.0 | mg/l |
| [X] pH | Range | 6.5 to 8.5 | SU |
| [X] Solids, Settleable | Daily Maximum | 0.3 | ml/l |
| [ ] _____ | _____ | _____ mg/l as | |
| [ ] _____ | _____ | | |
| [ ] _____ | _____ | | |
| [ ] _____ | _____ | | |
| [ ] _____ | _____ | | |
| [ ] _____ | _____ | | |

## MONITORING REQUIREMENTS

| Parameter | Frequency | Sample Type | Sample Location Influent | Effluent |
|---|---|---|---|---|
| [X] Flow,    [X] MGD [ ] GPD | Continous | N/A | X | |
| [X] CBOD, 5 - Day, mg/l | 1/week | 24 hr. comp. | X | X |
| [X] Solids, Suspended, mg/l | 1/week | 24 hr. comp. | X | X |
| [X] Coliform, Fecal, No./100 ml[3] | 1/week | grab | | X |
| [X] Nitrogen, TKN (as N), mg/l | 4/year | 24 hr. comp. | X | X |
| [X] Ammonia (as NH₃), mg/l | 4/year | 24 hr. comp. | X | X |
| [X] pH, SU (standard units) | 2/day | grab | X | X |
| [X] Solids, Settleable, ml/l | 2/day | grab | X | X |
| [X] Chlorine, Total Residual, mg/l[3][4] | 2/day | grab | | X |
| [ ] Phosphorus, Total (as P), mg/l | | | | |
| [X] Temperature, Deg. F | 2/day | grab | X | X |
| [ ] _____ | _____ | _____ | | |
| [ ] _____ | _____ | _____ | | |
| [ ] _____ | _____ | _____ | | |
| [ ] _____ | _____ | _____ | | |

NOTES: [1] and effluent value shall not exceed _15_ % and _15_ % of influent values for CBOD₅ & TSS respectively.
    [2] Ultimate Oxygen Demand shall be computed as follows:
       UOD = 1 1/2 x CBOD₅ + 4 1/2 x TKN (Total Kjeldahl Nitrogen)
    [3] Monitoring of these parameters is only required during the period when disinfection is required.
    [4] If chlorine is used for disinfection.



NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
# State Pollutant Discharge Elimination System (SPDES)
# DISCHARGE PERMIT

First3.96

| | | | |
|---|---|---|---|
| Industrial Code: | 4952 | SPDES Number: | NY- 014 9209 |
| Discharge Class (CL): | 05 | DEC Number: | 3-1346-00066-00002 |
| Toxic Class (TX): | N | Effective Date (EDP): | 9/01/2004 |
| Major Drainage Basin: | 13 | Expiration Date (ExDP): | 8/31/2009 |
| Sub Drainage Basin: | 01 | Modification Dates: (EDPM) | 04/18/07 |
| Water Index Number: | HR | | |
| Compact Area: | | | |

This SPDES permit is issued in compliance with Title 8 of Article 17 of the Environmental Conservation Law of New York State and in compliance with the Clean Water Act, as amended, (33 U.S.C. §1251 et.seq.)(hereinafter referred to as "the Act").

## PERMITTEE NAME AND ADDRESS

| | | |
|---|---|---|
| Name: | **Tri-Municipal Sewer Commission** | Attention: **Commission Administrator** |
| Street: | **PO Box 859** | |
| City: | **Wappingers Falls** | State: **NY**     Zip Code: **12590** |

is authorized to discharge from the facility described below:

## FACILITY NAME AND ADDRESS

| | | |
|---|---|---|
| Name: | **Tri-Municipal  WWTP** | |
| Location (C,T,V): | **Poughkeepsie (T)** | County: **Dutchess** |
| Facility Address: | **345 Sheafe Road** | |
| City: | **Poughkeepsie** | State: **NY**     Zip Code: **12601** |
| NYTM -E: | | NYTM - N: |
| From Outfall No.: | **001** | at Latitude: **41 ° 36 ′ 30 ″** & Longitude: **73 ° 56 ′ 36 ″** |
| into receiving waters known as: | **Hudson River** | Class: **A** |

and; (list other Outfalls, Receiving Waters & Water Classifications)

**None**

in accordance with: effluent limitations; monitoring and reporting requirements; other provisions and conditions set forth in this permit; and 6 NYCRR Part 750-1.2(a) and 750-2.

## DISCHARGE MONITORING REPORT (DMR) MAILING ADDRESS

| | | |
|---|---|---|
| Mailing Name: | **Thomas Dingman** | |
| Street: | **P.O. Box 859** | |
| City: | **Wappingers Falls** | State: **NY**     Zip Code: **12590** |
| Responsible Official or Agent: | **Thomas Dingman - Project Manager** | Phone: **(845) 297-5622** |

This permit and the authorization to discharge shall expire on midnight of the expiration date shown above and the permittee shall not discharge after the expiration date unless this permit has been renewed, or extended pursuant to law.  To be authorized to discharge beyond the expiration date, the permittee shall apply for permit renewal not less than 180 days prior to the expiration date shown above.

DISTRIBUTION:

CO BWP - Permit Coordinator
RWE
RPA
EPA Region II - Jeffrey Gratz
Janet Swentusky - Region 3
EFC
Chris Keim

| Permit Administrator: William R. Adriance, Chief Permit Administrator |
|---|
| Address:   625 Broadway |
| Albany, NY 12233-1750 |
| Signature: *William R. Adriance*     Date: 4/18/07 |

SPDES PERMIT NUMBER NY014 9209

Page 2 of 8

# PERMIT LIMITS, LEVELS AND MONITORING DEFINITIONS

| OUTFALL | WASTEWATER TYPE | | RECEIVING WATER | EFFECTIVE | EXPIRING |
|---|---|---|---|---|---|
|  | This cell describes the type of wastewater authorized for discharge. Examples include process or sanitary wastewater, storm water, non-contact cooling water. | | This cell lists classified waters of the state to which the listed outfall discharges. | The date this page starts in effect. (e.g. EDP or EDPM) | The date this page is no longer in effect. (e.g. ExDP) |

| PARAMETER | MINIMUM | MAXIMUM | UNITS | SAMPLE FREQ. | SAMPLE TYPE |
|---|---|---|---|---|---|
| e.g. pH, TRC, Temperature, D.O. | The minimum level that must be maintained at all instants in time. | The maximum level that may not be exceeded at any instant in time. | SU, °F, mg/l, etc. | | |

| PARA-METER | EFFLUENT LIMIT | PRACTICAL QUANTITATION LIMIT (PQL) | ACTION LEVEL | UNITS | SAMPLE FREQUENCY | SAMPLE TYPE |
|---|---|---|---|---|---|---|
|  | Limit types are defined below in Note I. The effluent limit is developed based on the more stringent of technology-based limits, required under the Clean Water Act, or New York State water quality standards. The limit has been derived based on existing assumptions and rules. These assumptions include receiving water hardness, pH and temperature; rates of this and other discharges to the receiving stream; etc. If assumptions or rules change the limit may, after due process and modification of this permit, change. | For the purposes of compliance assessment, the analytical method specified in the permit shall be used to monitor the amount of the pollutant in the outfall to this level, provided that the laboratory analyst has complied with the specified quality assurance/quality control procedures in the relevant method. Monitoring results that are lower than this level must be reported, but shall not be used to determine compliance with the calculated limit. This PQL can be neither lowered nor raised without a modification of this permit. | Type I or Type II Action Levels are monitoring requirements, as defined below in Note 2, that trigger additional monitoring and permit review when exceeded. | This can include units of flow, pH, mass, Temperature, concentration. Examples include µg/l, lbs/d, etc. | Examples include Daily, 3/week, weekly, 2/month, monthly, quarterly, 2/yr and yearly. | Examples include grab, 24 hour composite and 3 grab samples collected over a 6 hour period. |

Note 1: DAILY DISCHARGE.: The discharge of a pollutant measured during a calendar day or any 24-hour period that reasonably represents the calendar day for the purposes of sampling. For pollutants expressed in units of mass, the 'daily discharge' is calculated as the total mass of the pollutant discharged over the day. For pollutants with limitations expressed in other units of measurement, the 'daily discharge' is calculated as the average measurement of the pollutant over the day.

DAILY MAX.: The highest allowable daily discharge. DAILY MIN.: The lowest allowable daily discharge.

MONTHLY AVG:   The highest allowable average of daily discharges over a calendar month, calculated as the sum of each of the daily discharges measured during a calendar month divided by the number of daily discharges measured during that month.

7 DAY ARITHMETIC MEAN (7 day average):   The highest allowable average of daily discharges over a calendar week.

30 DAY GEOMETRIC MEAN: The highest allowable geometric mean of daily discharges over a calendar month, calculated as the antilog of : the sum of the log of each of the daily discharges measured during a calendar month divided by the number of daily discharges measured during that month.

7 DAY GEOMETRIC MEAN: The highest allowable geometric mean of daily discharges over a calendar week.

RANGE: The minimum and maximum instantaneous measurements for the reporting period must remain between the two values shown.

Note 2:  ACTION LEVELS:  Routine Action Level monitoring results, if not provided for on the Discharge Monitoring Report (DMR) form, shall be appended to the DMR for the period during which the sampling was conducted.  If the additional monitoring requirement is triggered as noted below, the permittee shall undertake a short-term, high-intensity monitoring program for the parameter(s).  Samples identical to those required for routine monitoring purposes shall be taken on each of at least three consecutive operating and discharging days and analyzed.  Results shall be expressed in terms of both concentration and mass, and shall be submitted no later than the end of the third month following the month when the additional monitoring requirement was triggered. Results may be appended to the DMR or transmitted under separate cover to the same address. If levels higher than the Action Levels are confirmed, the permit may be reopened by the Department for consideration of revised Action Levels or effluent limits.  The permittee is not authorized to discharge any of the listed parameters at levels which may cause or contribute to a violation of water quality standards. TYPE I :  The additional monitoring requirement is triggered upon receipt by the permittee of any monitoring results in excess of the stated Action Level.  TYPE II: The additional monitoring requirement is triggered upon receipt by the permittee of any monitoring results that show the stated action level exceeded for four of six consecutive samples,  or for two of six consecutive samples by 20 % or more,  or for any one sample by 50 % or more.

SPDES PERMIT NUMBER NY014 9209
Page 3 of 8

## INTERIM PERMIT LIMITS, LEVELS AND MONITORING

| OUTFALL No. | LIMITATIONS APPLY: | | | RECEIVING WATER | EFFECTIVE | EXPIRING |
|---|---|---|---|---|---|---|
| 001 | [ X ] All Year   [   ] Seasonal from | to | | Hudson River | 4/18/2007 | 8/31/2009 |

| PARAMETER | EFFLUENT LIMIT | | | | | MONITORING REQUIREMENTS | | Location | | FN |
|---|---|---|---|---|---|---|---|---|---|---|
| | Type | Limit | Units | Limit | Units | Sample Frequency | Sample Type | Inf. | Eff. | |
| Flow | Monthly average | 2.775 | MGD | | | Continuous | Recorder | X | | |
| CBOD₅ | Monthly average | 25 | mg/l | 580 | lbs/d | 1/week | 24 hr Comp. | X | X | (1) |
| CBOD₅ | 7 day average | 40 | mg/l | 930 | lbs/d | 1/week | 24 hr Comp. | X | X | |
| Solids, Suspended | Monthly average | 30 | mg/l | 700 | lbs/d | 1/week | 24 hr Comp. | X | X | (1) |
| Solids, Suspended | 7 day average | 45 | mg/l | 1000 | lbs/d | 1/week | 24 hr Comp. | X | X | |
| Solids, Settleable | Daily Max. | 0.3 | ml/l | | | 2/day | Grab | | X | |
| pH | Range | 6.5 - 8.5 | SU | | | 2/day | Grab | | X | |
| Nitrogen, Ammonia (as NH₃) | Daily Max. | Monitor | mg/l | | | 1/Quarter | 24 hr Comp. | | X | |
| Nitrogen, TKN (as N) | Daily Max. | Monitor | mg/l | | | 1/Quarter | 24 hr Comp. | | X | |
| Temperature | Daily Max. | Monitor | Deg.F. | | | 2/day | Grab | | X | |
| COPPER, TOTAL | | | | | lbs/d | 1/month | 24 hr Comp | | X | |
| Effluent Disinfection required: [ X ] All Year   [   ] Seasonal from _____ to _____ | | | | | | | | | | |
| Coliform, Fecal | 30 day geometric mean | 200 | No./ 100 ml | | | 1/week | Grab | | X | |
| Coliform, Fecal | 7 day geometric mean | 400 | No./ 100 ml | | | 1/week | Grab | | X | |
| Chlorine, Total Residual | Daily Max. | 2.0 | mg/l | | | 2/day | Grab | | X | |

FOOTNOTES:  (1) and effluent shall not exceed __15__ % and __15__ % of influent values for CBOD₅ & TSS respectively.

SPDES PERMIT NUMBER NY014 9209
Page 4 of 8

## PERMIT LIMITS, LEVELS AND MONITORING

| OUTFALL No. | WASTEWATER TYPE | RECEIVING WATER | EFFECTIVE | EXPIRING |
|---|---|---|---|---|
| 001 | Effluent | Hudson River | 04/18/2007 | 8/31/2009 |

| PARAMETER | MONITORING ACTION LEVEL | | UNITS | SAMPLE FREQUENCY | SAMPLE TYPE | FN |
|---|---|---|---|---|---|---|
| | TYPE I | TYPE II | | | | |
| Copper, Total | 1.0 | | Lbs/day | 1/Month | 24 hr Composite | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

SPDES PERMIT NUMBER NY014 9209
Page 5 of 8

## SCHEDULE OF COMPLIANCE

a) The permittee shall comply with the following schedule.

| Action Code | Outfall Number(s) | Compliance Action | Due Date |
|---|---|---|---|
| | 001. | The permittee shall conduct sampling for the following parameters detected in the WWTP effluent and listed in the permit application. Sampling shall be once per month for a period of 3 months.<br><br>Parameter      Required EPA Method      Sample Type<br>Mercury          1631 (ng/L)              Grab<br><br>Sampling and analysis results, along with the average flow for each sampling day, shall be submitted to Alan Fuchs, Chief, Wastewater Permits - South Section, 625 Broadway, Albany, NY, 12233-3505, as well as to the Regional Water Engineer.<br><br>After review of the results, the Department may reopen the permit to add additional limits or action levels for these parameters. | EDPM + 5 months |

The above compliance actions are one time requirements. The permittee shall comply with the above compliance actions to the Department's satisfaction once.    When this permit is administratively renewed by NYSDEC letter entitled "SPDES NOTICE/RENEWAL APPLICATION/PERMIT", the permittee is not required to repeat the submission. The above due dates are independent from the effective date of the permit stated in the letter of "SPDES NOTICE/RENEWAL APPLICATION/PERMIT."

b)      The permittee shall submit a written notice of compliance or non-compliance with each of the above schedule dates no later than 14 days following each elapsed date, unless conditions require more immediate notice as prescribed in 6 NYCRR Part 750-1.2(a) and 750-2. All such compliance or non-compliance notification shall be sent to the locations listed under the section of this permit entitled RECORDING, REPORTING AND ADDITIONAL MONITORING REQUIREMENTS. Each notice of non-compliance shall include the following information:

          1. A short description of the non-compliance;

          2. A description of any actions taken or proposed by the permittee to comply with the elapsed schedule requirements without further delay and to limit environmental impact associated with the non-compliance;

          3. A description or any factors which tend to explain or mitigate the non-compliance; and

          4. An estimate of the date the permittee will comply with the elapsed schedule requirement and an assessment of the probability that the permittee will meet the next scheduled requirement on time.

c)      The permittee shall submit copies of any document required by the above schedule of compliance to NYSDEC Regional Water Engineer at the location listed under the section of this permit entitled RECORDING, REPORTING AND ADDITIONAL MONITORING REQUIREMENTS **and to Alan Fuchs, Chief, Wastewater Permits - South Section, 625 Broadway, Albany, N.Y. 12233-3505,** unless otherwise specified in this permit or in writing by the Department.

SPDES PERMIT NUMBER NY014 9209
Page 6 of 8

# MONITORING LOCATIONS

The permittee shall take samples and measurements, to comply with the monitoring requirements specified in this permit, at the location(s) specified below:



SPDES PERMIT NUMBER NY014 9209
Page 7 of 8

## DISCHARGE NOTIFICATION REQUIREMENTS

a)  The permittee shall maintain the existing identification signs at all outfalls to surface waters, which have not been waived by the Department in accordance with 17-0815-a. The sign(s) shall be conspicuous, legible and in as close proximity to the point of discharge as is reasonably possible while ensuring the maximum visibility from the surface water and shore.  The signs shall be installed in such a manner to pose minimal hazard to navigation, bathing or other water related activities.  If the public has access to the water from the land in the vicinity of the outfall, an identical sign shall be posted to be visible from the direction approaching the surface water.

The signs shall have **minimum** dimensions of eighteen inches by twenty four inches (18" x 24") and shall have white letters on a green background and contain the following information:

---

### N.Y.S. PERMITTED DISCHARGE POINT

#### SPDES PERMIT No.: NY_____

#### OUTFALL No. :____

For information about this permitted discharge contact:

Permittee Name: _____

Permittee Contact: _____

Permittee Phone:       (      ) - ### - ####

OR:

NYSDEC Division of Water Regional Office Address :

NYSDEC Division of Water Regional Phone: (      ) - ### -####

---

b)  For each discharge required to have a sign in accordance with a), the permittee shall provide for public review at a repository accessible to the public, copies of the Discharge Monitoring Reports (DMRs) as required by the **RECORDING, REPORTING AND ADDITIONAL MONITORING REQUIREMENTS** page of this permit.  This repository shall be open to the public, at a minimum, during normal daytime business hours.  The repository may be at the business office repository of the permittee or at an off-premises location of its choice (such location shall be the village, town, city or county clerk's office, the local library or other location as approved by the Department).  In accordance with the **RECORDING, REPORTING AND ADDITIONAL MONITORING REQUIREMENTS** page of your permit, each DMR shall be maintained on record for a period of five years.

c)  The permittee shall periodically inspect the outfall identification signs in order to ensure that they are maintained, are still visible and contain information that is current and factually correct.

*SPDES PERMIT NUMBER NY014 9209*
Page 8 of 8

# RECORDING, REPORTING AND ADDITIONAL MONITORING REQUIREMENTS

a) The permittee shall also refer to 6 NYCRR Part 750-1.2(a) and 750-2 for additional information concerning monitoring and reporting requirements and conditions.

b) The monitoring information required by this permit shall be summarized, signed and retained for a period of at least five years from the date of the sampling for subsequent inspection by the Department or its designated agent. **Also, monitoring information required by this permit shall be summarized and reported by submitting;**

    ☒ (if box is checked) completed and signed Discharge Monitoring Report (DMR) forms for each __1__ month reporting period to the locations specified below. Blank forms are available at the Department's Albany office listed below. The first reporting period begins on the effective date of this permit and the reports will be due no later than the 28th day of the month following the end of each reporting period.

    ☐ (if box is checked) an annual report to the Regional Water Engineer at the address specified below. The annual report is due by February 1 and must summarize information for January to December of the previous year in a format acceptable to the Department.

    ☒ (if box is checked) a monthly "Wastewater Facility Operation Report..." (form 92-15-7) to the:
        ☒ Regional Water Engineer and/or ☒ County Health Department or Environmental Control Agency specified below

Send the **original** (top sheet) of each DMR page to:

Department of Environmental Conservation
Division of Water
Bureau of Water Compliance Programs
625 Broadway
Albany, New York   12233-3506

Phone: (518) 402-8177

Send an **additional copy** of each DMR page to:

Dutchess County Department of Health
387-391 Main Mall
Poughkeepsie   NY   12601

Send the **first copy** (second sheet) of each DMR page to:

Department of Environmental Conservation
Regional Water Engineer
100 Hillside Avenue
White Plains, NY 10603

Phone: 914-332-1835

c) Noncompliance with the provisions of this permit shall be reported to the Department as prescribed in 6 NYCRR Part 750-1.2(a) and 750-2.

d) Monitoring must be conducted according to test procedures approved under 40 CFR Part 136, unless other test procedures have been specified in this permit.

e) If the permittee monitors any pollutant more frequently than required by the permit, using test procedures approved under 40 CFR Part 136 or as specified in this permit, the results of this monitoring shall be included in the calculations and recording of the data on the Discharge Monitoring Reports.

f) Calculation for all limitations which require averaging of measurements shall utilize an arithmetic mean unless otherwise specified in this permit.

g) Unless otherwise specified, all information recorded on the Discharge Monitoring Report shall be based upon measurements and sampling carried out during the most recently completed reporting period.

h) Any laboratory test or sample analysis required by this permit for which the State Commissioner of Health issues certificates of approval pursuant to section five hundred two of the Public Health Law shall be conducted by a laboratory which has been issued a certificate of approval. Inquiries regarding laboratory certification should be sent to the Environmental Laboratory Accreditation Program, New York State Health Department Center for Laboratories and Research, Division of Environmental Sciences , The Nelson A. Rockefeller Empire State Plaza, Albany, New York  12201.