UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JORGE and IMME KLEBE,

        Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

        Defendant.
------------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

## TRI-MUNICIPAL SEWER COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

    This action is a purported "citizen suit" brought by Plaintiffs Jorge Klebe and Imme Klebe (collectively, the "Plaintiffs") seeking damages under the Clean Water Act (the "CWA" or "the Act") and also asserting an ancillary state law claim based on nuisance arising from discharges of waste products from Defendant Tri-Municipal Sewer Commission's ("Tri-Municipal") sewage treatment facility. This action must be dismissed for lack of subject matter jurisdiction because plaintiffs have completely failed to fulfill the requirement of the CWA that they provide adequate notice of the alleged CWA violations at issue.

    It is well established that persons seeking to bring a civil action on their own behalf for an alleged violation of an effluent standard or limitation must first give notice of the alleged violation to the Administrator of the Environmental Protection Agency ("EPA"), the State in which the alleged violation occurs, and to any violator of the limitation or standard. The notice must be sent at least sixty days before filing a civil complaint, and, most critically, the notice

must include precise information that is sufficient to put the alleged violator on notice of the alleged violation.

Here, Jorge and Imssy Klebe (the "Klebes") sent Tri-Municipal a Notice of Violation and Intent to Sue letter ("NOI letter") on February 9, 2007 that, on its face, fails to provide any information that would put Tri-Municipal on notice of the alleged violation at issue. The NOI letter simply states, in a vague and conclusory manner, that Tri-Municipal violated its State Pollution Discharge Elimination System ("SPDES") permit limitations by causing unpermitted discharges into the Hudson River. That is patently insufficient to comply with the CWA notice requirements. The Klebes failed to allege what, if any, pollutants Tri-Municipal discharged in excess of its SPDES permit limitations or the date or dates of the alleged violations. The notice is also insufficient because it failed to include Plaintiffs' full address and telephone number, information that is mandated by the implementing regulations of the CWA.

Thus, because there is no dispute that Plaintiff's NOI letter does not comply with the statutory or regulatory requirements of the CWA, or with the relevant case law, summary judgment should be granted and the Complaint dismissed in its entirety. In addition, the Court should not exercise supplemental jurisdiction over the state law nuisance claim because it is well-settled law that federal courts should decline to exercise supplemental jurisdiction over state law claims when the federal claim is dismissed at an early stage in the proceedings.

## STATEMENT OF FACTS

The CWA of 1972 was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. §1251(a). The CWA's basic regulatory tool is the National Pollutant Discharge Elimination System ("NPDES") permit program. The NPDES permit program regulates the discharge of pollutants from point sources into surface

waters. Under the CWA, the EPA may delegate to states the authority to issue discharge permits as long as the state's clean water program and permits issued under the program are no less stringent than the CWA and its permitting requirements. (Affidavit of Steven C. Russo, sworn to on April 3, 2008 ("Russo Aff.") at ¶4.) EPA has delegated the New York State Department of Environmental Conservation ("DEC") with CWA permitting authority within the State of New York, under the State Pollutant Discharge Elimination System ("SPDES") program. (Id.) In New York, a facility that discharges pollutants from a point source to surface water or groundwater must obtain a SPDES permit. The SPDES permit regulates a facility's pollutant discharges in order to maintain applicable water quality standards. (Id.)

Tri-Municipal Sewer Commission operates a sewage treatment facility in the Town of Poughkeepsie, New York, pursuant to a DEC-issued SPDES permit, effective September 1, 1994. (Id.) Tri-Municipal's SPDES permit contains specific effluent limitations for flow, temperature, fecal coliform, suspended and settleable solids, pH, nitrogen, chlorine, $CBOD_5$,[1] and mercury. (Russo Aff. at ¶5.) Depending on the particular parameter, the SPDES permit requires Tri-Municipal to take effluent samples continuously, daily, weekly, monthly, or quarterly. (Russo Aff. Ex. "D".) The results of this sampling is listed in monthly Discharge Monitoring Reports, or DMRs, which are filed with DEC and publicly available for inspection and review. (Russo Aff. at ¶8.)

The Klebes sent Tri-Municipal a Notice of Violation and Intent to Sue letter, dated February 1, 2007. (Russo Aff. at ¶2.) The NOI letter states that Tri-Municipal "has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River and thereby degrading said river" and that the "unpermitted and illegal discharges are, and have been, continuing in nature since at least 2001." (Id. Ex. A.) The

---

[1] $CBOD_5$ is carbonaceous biological oxygen demand.

NOI letter states that the Klebes "own property and have a home which borders the Hudson River at the above location." (Russo Aff. Ex. A) The "above location" is "Sheafe Road, Town of Wappinger, State of New York." (Id. at ¶7.)

Plaintiffs filed a Notice of Summons and Complaint on August 8, 2007, asserting two causes of action: (1) a federal cause of action under the Clean Water Act, and (2) a state law nuisance cause of action. First, the Complaint states that Tri Municipal's sewage treatment facility caused the unpermitted discharge of waste into the Hudson River, and said discharges violated SPDES limitations. (Id. Ex. B) Second, the Complaint states that Tri-Municipal "has engaged in the creation of a nuisance as against plaintiffs and their property." (Id.)

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT SHOULD BE GRANTED TO TRI-MUNICIPAL BECAUSE PLAINTIFFS' NOI LETTER DOES NOT PROVIDE SUFFICIENT INFORMATION TO PUT TRI-MUNICIPAL ON NOTICE

Summary judgment is appropriate under Federal Rule of Civil Procedure ("FRCP") 56 when there is no genuine issue of material fact and the undisputed facts warrant judgment for the moving party as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986) ("Anderson"). Once the moving party has made an initial showing of the absence of a material issue of fact, the non-moving party must present "specific facts showing there is a genuine issue for trial." FRCP 56(e). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation" and "must do more than simply show that there is some metaphysical doubt as to the material facts." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348 (citations omitted) (emphasis in original). Moreover, not every disputed factual issue is

material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Anderson, 477 U.S. at 248.

Here, Plaintiffs' Complaint is based on a defective NOI letter. Under the CWA, citizens may not commence a civil action on their own behalf "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the EPA], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). The regulations promulgated by the Administrator state that:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a) (emphasis added). "[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." Hallstrom v. Tillamook County, 493 U.S. 20, 27, 110 S. Ct. 304 (1989) ("Hallstrom"). Strict compliance with the CWA's procedural requirements "is the best guarantee of evenhanded administration of the law." Id. at 31 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S. Ct. 2486 (1980) (internal quotations omitted)). Proper notice gives the alleged violator the opportunity to bring itself into compliance with the CWA. Id. at 29.

A "sufficient" NOI letter must include the pollutant that plaintiff alleges is the basis of the violation. Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 487 (2d Cir. 2001) ("Trout Unlimited"). Identification of pollutants plaintiff alleges defendant is discharging in violation of its permit limitations is "essential to provide adequate

5

notice of the alleged violation." Id. at 488 (emphasis added). "[T]he NOI letter must specify each pollutant unlawfully discharged that will be alleged in a subsequent complaint." Id. at 489; see also Envtl. Prot. Agency ex rel. McKeown v. Port Authority of New York & New Jersey, 162 F. Supp. 2d 173, 188 (S.D.N.Y.); aff'd McKeown v. Delaware Bridge Auth., 23 Fed. Appx. 81 (2d Cir. 2001); cert denied 535 U.S. 1079 (2002) (in its NOI letter, plaintiff must identify specific effluent standards defendant allegedly violated under CWA).

The Klebes' two-page NOI letter states that Tri-Municipal "has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River and thereby degrading said river." (NOI letter, at ¶2.) It states further that the "unpermitted and illegal discharges are, and have been, continuing in nature since at least 2001." (NOI letter, at ¶3.) The NOI letter fails to allege which of the numerous effluent limitations in its SDPES permit Tri-Municipal allegedly violated, what pollutants were allegedly discharged into the Hudson River, the concentration of such pollutants, or the dates of the alleged violations. Tri-Municipal's SPDES permit lists fifteen parameters for which Tri-Municipal must sample. The NOI letter does not identify or specify any of these fifteen parameters. The information regarding the discharges under this permit is set forth in the DMRs that Tri-Municipal prepares and which are publicly available. Both DEC and the Dutchess County Department of Health receive copies of the DMRs for their files. The NOI letter also fails to include the Klebes' full address and telephone number, which must be included in addition to identifying legal counsel, if any. See 40 C.F.R. § 135.3(a), (c) ("Notice regarding an alleged violation of an effluent standard or limitation . . . shall include . . . the full name, address, and telephone number of the person giving notice . . . [and] notice shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice.")

Thus, the NOI letter, on its face, does not give Tri-Municipal sufficient notice to ascertain the veracity of the allegations and, assuming such violations occurred, to bring itself into compliance with the CWA by ameliorating any alleged discharge violations.  A reasonable person is unable to read the NOI letter and determine what violations allegedly occurred; the NOI letter lacks sufficient information to enable anyone "to identify the specific standard, limitation, or order alleged to have been violated" or "the activity alleged to constitute a violation." 40 C.F.R. § 135.3(a).  Plaintiffs cannot simply file a vague, general notice of violation, and have the defendant "figure out" what the violations are.  Rather, plaintiff is required to review the DMRs and identify by pollutant and date the alleged violations.  Because the NOI letter fails to give Tri-Municipal adequate notice of the claims it intends to bring under the CWA, the action upon which this NOI letter is based must be dismissed.  See Trout Unlimited, 273 F.3d at 485.

POINT II

THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFFS' STATE LAW NUISANCE CLAIM

Supplemental jurisdiction exists "whenever there is a claim arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . and the relationship between that claim and the state law claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130 (1966) (quoting U.S. Const. art. III, § 2) (internal quotations omitted).  A federal court will exercise supplemental jurisdiction for reasons of convenience, judicial economy, and fairness to litigants.  Id. at 726.  However, if those reasons are absent, then "a federal court should hesitate to exercise jurisdiction

over state claims." Id. Additionally, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." Id.

Here, there is no reason, compelling or otherwise, to retain jurisdiction over the state law nuisance claim in the absence of a valid CWA citizen suit. This action is in its infancy. No discovery has occurred on either the state or federal claims. In such cases it is appropriate to dismiss the state law nuisance claim. See Tops Mkt., Inc. v. Quality Mkt.s, Inc., 142 F.3d 90, 102 (2d Cir. 1998) (district court properly declined to exercise supplemental jurisdiction over state law claims when court granted summary judgment dismissing federal claims); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 119 (2d Cir. 2006) (when all federal claims are eliminated at early stage in proceedings, federal courts should decline to exercise jurisdiction over remaining state law claims); Klein & Co. Futures, Inc. v. Bd. of Trade of New York, 464 F.3d 255, 262 (2d Cir. 2006) ("[i]t is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims").

## CONCLUSION

For the foregoing reasons, defendant Tri-Municipal Sewer Commission respectfully requests an order granting summary judgment in its favor and dismissing the Complaint in its entirety as against Jorge and Imme Klebe.

Dated: New York, New York
      April 3, 2008

                                SIVE, PAGET & RIESEL, P.C.
                                Attorneys for defendant
                                Tri-Municipal Sewer Commission

By: _____
     STEVEN C. RUSSO (SR-7689)
     460 Park Avenue
     New York, New York 10022
     (212) 421-2150

To:   Michael H. Sussman, Esq.
       Sussman & Watkins
       P.O. Box 1005
       Goshen, New York 10924
       (845) 294-3991

P:\4921\MotionforSummaryJudgment.doc