UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JORGE and IMME KLEBE,

Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

Defendant.

-----------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

TRI-MUNICIPAL SEWER COMMISSION'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S <u>MOTION FOR SUMMARY JUDGMENT</u>

# TABLE OF CONTENTS

PAGE

Table of Contents ....................................................................................i

Table of Authorities ...............................................................................ii

Preliminary Statement ............................................................................1

Argument ................................................................................................2

I. The CWA and its Regulations Require that a NOI Letter Specify the Specific Standard or Limitation Allegedly Violated and the Time of the Alleged Violation ..........................................................................2

II. The Catskill Decision is not Limited to the Non-Permit Context .......................6

III. Motion for Summary Judgment Should not be Converted to Motion to Dismiss ......8

Conclusion ..............................................................................................9

TABLE OF AUTHORITIES

JUDICIAL DECISIONS PAGE

American Canoe Assoc. v. District of Columbia Water & Sewer Auth., 306 F. Supp. 2d 30 (D.D.C. 2004) ....5

Building & Construction Trades Council of Buffalo v. Downtown Development, Inc., 448 F.3d 138 (2d Cir. 2006) ....7

CARS (Citizens Against Retail Sprawl) v. United States, No. 04-CV-328E, 2005 WL 3534178 (W.D.N.Y. 2005) ....3, 4, 7

Catskill Mountains Chapter of Trout Unlimited v. City of New York, 273 F.3d 481 (2d Cir. 2001) ....2, 3, 6-8

Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49 (1987) ....1

Hallstrom v. Tillamook County, 493 U.S. 20 (1989) ....8

Katz v. Molic, 128 F.R.D. 35 (S.D.N.Y. 1989) ....8

Martinson v. Menifee, No. 02 Civ. 9977, 2007 WL 2106516 (S.D.N.Y. 2007) ....8

Nat'l Parks & Conservation Ass'n v. Tennessee Valley Authority, 502 F.3d 1316 (11th Cir. 2007) ....5, 7

Natural Resources Defense Council v. Sw. Marine, Inc., 236 F.3d 985 (9th Cir. 2000) ....5

New York City Friends of Ferrets v. City of New York, 876 F. Supp. 529 (S.D.N.Y. 1995) ....8

Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc., 50 F.3d 1239 (3d Cir. 1995) ....3-4, 5, 6-8

Sierra Club Ohio Chapter v. City of Columbus, 282 F. Supp. 2d 756 (S.D. Ohio 2003) ....4, 5

Villante v. Dept. of Corrections, 786 F.2d 516 (2d Cir. 1986) ....8

FEDERAL RULES OF CIVIL PROCEDURE ("Fed. R. Civ. P.")

Fed. R. Civ. P. 12(b)(1) ....................8

Fed. R. Civ. P. 12(c) ....................8

Fed. R. Civ. P. 56(b) ....................8

CODE OF THE FEDERAL REGISTER

40 C.F.R. § 135.3 ....................3

MISCELLANEOUS

THE AMERICAN HERITAGE DICTIONARY (2d ed. 1991) ....................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JORGE and IMME KLEBE,

Plaintiffs,

vs.

TRI MUNICIPAL SEWER COMMISSION,

Defendant.

-----------------------------------------------------------x

Index No. 07-CIV-7071 (KMK)
(Karas, J.)
(Smith, M.J.)

TRI-MUNICIPAL SEWER COMMISSION'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

The United States Supreme Court, in the seminal case Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49 (1987) ("Gwaltney") made clear that the citizen suit notice letter lies at the heart of the citizen suit enforcement mechanism provided in the Clean Water Act ("CWA") and most other federal environmental statutes. Citizens must strictly comply with the notice requirements because Congress intended citizen suits to "supplement and not supplant governmental enforcement action." Gwaltney, 484 U.S. at 60. In order for a Notice of Intent to Sue ("NOI") to serve its purpose, the notice letter must set forth with specificity the nature of the violation and the time(s) when such violation occurred. Such notice ensures that a governmental enforcement authority has sufficient enough information to assess whether to step in during the notice period and pursue an enforcement action. Proper notice setting forth the specific pollutants allegedly discharged unlawfully also enables the alleged violator to more easily identify and rectify the problem in lieu of defending costly litigation.

Plaintiffs, Jorge and Imme Klebe, would turn these well established requirements on their head, and place the burden on the Defendant, Tri-Municipal Sewer Commission ("Tri-Municipal"), to "figure out" the nature of the violations alleged based on a generic accusation that, at some indeterminate time, Tri-Municipal caused "unpermitted discharge of waste products into the Hudson River." Such notice is tantamount to no notice at all. It provides none of the details sufficient to enable Tri-Municipal to bring itself into compliance, and it provides governmental enforcement agencies absolutely no information to enable them to assess whether they wish to step in and commence an enforcement action. In short, it is completely at odds with the intent of the citizen suit provision of the CWA.

Plaintiffs also ask this Court to ignore binding Second Circuit precedent clearly requiring an NOI to identify the specific pollutants that plaintiff alleges were discharged unlawfully, claiming that the Court of Appeals purportedly misconceived the SPDES process. It is Plaintiffs, however, not the Second Circuit, who misconceive the applicable law by attempting to limit the Catskill decision to a narrow set of circumstances involving situations in which the alleged violator has no SPDES permit. Catskill has been interpreted much more broadly to include both SPDES and non-SPDES contexts. Accordingly, summary judgment should be granted, and the Complaint should be dismissed in its entirety.

## ARGUMENT

## POINT I

## THE CWA AND ITS REGULATIONS REQUIRE THAT A NOI LETTER SPECIFY THE SPECIFIC STANDARD OR LIMITATION ALLEGEDLY VIOLATED AND THE TIME OF THE ALLEGED VIOLATION

Plaintiffs concede, as they must, that the CWA requires citizens seeking to bring a civil action on their own behalf for an alleged violation of a standard, limit, or order to provide the

alleged violator, EPA, and the State in which the alleged violation occurred sufficient notice. (Plaintiff's Brief at 4.) There is also no dispute that EPA's regulations mandate that such notice:

> include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).

Here, Plaintiffs make the bizarre argument that the phrase "shall include sufficient information to permit the recipient to identify" the violation puts the burden on the recipient of the notice to divine the alleged violation by combing through its Discharge Monitoring Reports ("DMRs") for the past seven years. (Plaintiffs' Brief at 9 n.4.) Plaintiffs, however, provide no legal authority to support their novel argument. Nor is there any legal authority to support Plaintiffs' assertion that the author of a NOI letter does not have to "identify the specific standard, limitation or order alleged to have been violated." (Plaintiffs' Brief at 4.) To the contrary, the Second Circuit has made clear that a NOI letter must include "each separate pollutant that will be alleged in a subsequent complaint as the basis of a violation of the Act." Catskill Mountains Chapter of Trout Unlimited v. City of New York ("Catskill"), 273 F.3d 481, 487 (2d Cir. 2001); see also CARS (Citizens Against Retail Sprawl) v. United States, No. 04-CV-328E, 2005 WL 3534178, at *5 (W.D.N.Y. 2005) (CARS) (notice must reasonably identify specific standard allegedly violated). Accordingly, a court must dismiss an action in which the notice letter is "vague, redundant, and devoid of specific allegations," and merely alleges "general violations [of the permit] without specifying the particular provision or way in which the . . . Defendants have violated the SPDES permit." CARS, 2005 WL 3534178 at *7; see also Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc. ("Public Interest Research

Group"), 50 F.3d 1239, 1248 (3d Cir. 1995) (general notice letter that fails to identify the specific permit parameters that have been violated does not conform to CWA's requirements); Sierra Club Ohio Chapter v. City of Columbus, 282 F. Supp. 2d 756, 765 (S.D. Ohio 2003) (notice letter must specify particular standard or limitation alleged to be violated to provide alleged violator with sufficient information to identify the activity alleged to constitute said violation).

Plaintiffs' NOI letter, with its vague reference to discharges of "unpermitted waste products" does not "plainly signal[] Tri Municipal of its violation and . . . allow[] it sufficient information to 'identify the specific standard, limitation or order alleged to have been violated'." (Plaintiffs' Brief at 7-8.) Indeed, the letter at issue here could serve as a model of a deficient CWA notice letter. Tri-Municipal cannot read the notice letter and determine the pollutants it allegedly has discharged unlawfully, or when those violations allegedly occurred. In fact, the use of the term "unpermitted waste products" does not even make clear whether plaintiffs are alleging that Tri-Municipal discharged pollutants in excess of the parameters set forth in its SPDES permit, or discharged pollutants that are not covered by such SPDES permit. The use of the word "unpermitted" is ambiguous, and could refer to waste products that are being discharged in excess of the permit limitations or to waste products that have not been regulated under its permit. See THE AMERICAN HERITAGE DICTIONARY 924, 1313 (2d Ed. 1991).

Plaintiffs also argue that because Tri-Municipal possesses its permit and submits DMRs to the New York State Department of Environmental Conservation ("DEC"), "Tri-Municipal, as recipient, [should] identify the specific standard or limitation alleged to have been violated." (Plaintiffs' Brief at 5.) That, however, is not the law, and the only case Plaintiffs cite, CARS, 2005 WL 3534178 at *7, supports Tri-Municipal's position that greater specificity is required in

a NOI letter. There is a virtual avalanche of case law that firmly establishes that allegations of general violations of a permit that do not specify the particular permit provision violated, or the way in which defendant violated its SPDES permit, do not constitute sufficient notice. See, e.g., id.; Public Interest Research Group, 50 F.3d at 1252; Sierra Club Ohio Chapter v. City of Columbus, 282 F. Supp. 2d 756, 767 (S.D. Ohio 2003) (notice letter that requires recipients to "guess the particular violation being alleged" fails to provide proper notice and warrants dismissal of the action); Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth., 502 F.3d 1316, 1329 (11th Cir. 2007) (notice letter that broadly alleged that defendant violated all the requirements of part of its permit, which set emission standards for several pollutants, is inadequate because it does not afford defendant with enough information to identify what standard or limitation it allegedly violated).

Plaintiffs also wrongly contend that their NOI letter's reference to violations that have continued since 2001 are sufficient temporal notice of the alleged violations. (Plaintiff's Brief at 5.) While the NOI letter vaguely states that Tri-Municipal's discharges "are, and have been, continuing in nature" (NOI Letter ¶3,) this statement contradicts the NOI letter's previous allegation that Tri-Municipal "repeatedly violated" its permit limitations. (NOI Letter ¶2.) Repeated violations imply that the violations have been "intermittent." Under such circumstances, Plaintiffs are required to provide greater temporal specificity to enable Tri-Municipal to identify the specific violation at issue. American Canoe Association, Inc. v. District of Columbia Water & Sewer Authority, 306 F. Supp. 2d 30, 36 (D.D.C. 2004) and Natural Resources Defense Council v. Southwest Marine, Inc., 236 F.3d 985, 996 (9th Cir. 2000), cited by Plaintiffs, are inapposite because they simply hold that a NOI letter that states that a violation is "ongoing" provides sufficient temporal specificity. The NOI letter at issue

here, however, alleges "intermittent," not "ongoing," violations. Accordingly, because Plaintiffs' vague NOI letter fails to identify the specific pollutants that were allegedly discharged unlawfully, and also fails to provide any temporal specificity, Plaintiffs' CWA claims must be dismissed.

## POINT II

## THE CATSKILL DECISION IS NOT LIMITED TO THE NON-PERMIT CONTEXT

Plaintiffs attempt to limit the application of the Catskill holding to instances where a plaintiff is alleging a CWA violation against a defendant who does not have any SPDES permit for the discharge at issue. There is, however, absolutely no support in law or logic for that position.

As a threshold matter, it is not clear that Plaintiffs' attempted distinction, even if supported, would save the NOI at issue here. As noted previously, the phrase "unpermitted waste products" does not make clear whether Plaintiffs are alleging an exceedence of the SPDES permit, or some other discharge not covered by the SPDES permit.

Furthermore, the Catskill decision itself makes clear that it is not limited to non-permit violations. First, the Catskill holding expressly follows the decision by the Third Circuit in Public Interest Research Group, 50 F.3d at 1241, which addressed the notice requirements in a case relating to alleged violations of federal and state CWA permits. Second, Judge Walker, in Catskill, further observed that the rationale for a rule requiring citizen suit plaintiffs to identify "each separate pollutant that will be alleged in a subsequent complaint as the basis of a violation of the Act. . . . is most apparent in the context of a suit alleging discharges in excess of NPDES permit limitations, in which the defendant may be discharging some pollutants lawfully and others unlawfully." Id. at 487-88.

Thus, it is not surprising that Plaintiffs cannot cite a single case that supports their narrow reading of the Catskill holding. To the contrary, decisions that have followed Catskill have not limited the holding to cases in which an alleged violator does not have a SPDES permit. For example, in CARS, 2005 WL 3534178 at *8, defendants claimed, among other things, that plaintiffs' notice was defective because it did not specifically identify the pollutants defendants allegedly discharged in violation of its SPDES permit.[1] The court held that the NOI letter "must allege a specific permit violation and describe with some particularity the respects in which compliance with the permit is deficient." Id. at *7. Allegations of general violations of a permit that do not specify the particular permit provision or way in which the defendant violated its SPDES permit do not place defendants on notice. Id. Cf. Building & Construction Trades Council of Buffalo v. Downtown Dev., Inc., 448 F.3d 138, 158 (2d Cir. 2006) (quoting Catskill) ("notice 'must identify with reasonable specificity each pollutant that the defendant is alleged to have discharged unlawfully'"); Nat'l Parks & Conservation Ass'n v. TN Valley Auth., 502 F.3d 1316, 1329 (11th Cir. 2007) (citing notice requirements in Catskill to be applicable to the Clean Air Act, the court held that "'to provide adequate notice of each violation that will be targeted in the citizen suit, the [intent to sue] letter must differentiate . . . one pollutant from another'").

Finally, the rationale behind the Court of Appeals' rulings in Catskill and Public Interest Research Group is not limited to the non-permit violation context. In both cases, the circuit courts made clear that their rulings were underpinned by the "policies underlying the NOI requirement." Catskill, 273 F.3d at 488. See Public Interest Research Group, 50 F.3d at 1249. As noted previously, the notice and 60-day delay requirements allow a potential defendant to identify its own violations and bring itself into compliance voluntarily, and they also allow "the

[1] The notice letter stated that defendants "did not comply with the terms of the SPDES [sic] and had an inadequate and deficient SWPPP [Storm Water Pollution Prevention Plan]. Id. at *6.

enforcer of first resort, the EPA or the appropriate state agency, to bring its own enforcement action." Catskill, 273 F.3d at 488 (citing Hallstrom v. Tillamook County, 493 U.S. 20, 29 (1989)); see also Public Interest Research Group, 50 F.3d at 1249. There is no reason why that logic is limited to non-permit contexts. Indeed, as Judge Walker noted in Catskill, that rationale is even stronger in the permit violation context because it makes it easier for the defendant to identify the pollutant allegedly discharged unlawfully and rectify the problem. Id. at 488.

## POINT III

## MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE CONVERTED TO MOTION TO DISMISS

Plaintiffs argue that this Court should proceed as if Tri-Municipal filed a motion to dismiss under FRCP 12(b)(1) as opposed to a motion for summary judgment under FRCP 56(b). (Plaintiffs MOL, at 3.)[2] A trial judge may dismiss a claim for failure to state a cause of action upon a motion for summary judgment if the court does not consider materials outside the pleadings. Katz v. Molic, 128 F.R.D. 35, 38 (S.D.N.Y. 1989); cf. Martinson v. Menifee, No. 02 Civ. 9977, 2007 WL 2106516, at *6 (S.D.N.Y. 2007) (finding that the Court had no authority "for converting a motion for summary judgment into a motion to dismiss"). However, if a District Court considers matters outside of the pleadings, then the proper motion is one for summary judgment. See Fed. R. Civ. P. 12(c); Villante v. Dept. of Corrections, 786 F.2d 516, 521 (2d Cir. 1986); New York City Friends of Ferrets v. City of New York, 876 F. Supp. 529, 532 (S.D.N.Y. 1995).

At the heart of this action is the sufficiency of Plaintiffs' NOI letter. The Court must be able to consider the NOI letter to competently rule on this motion. Defendants deemed it necessary to file a motion for summary judgment because it viewed the NOI letter as outside of

[2] Again, Plaintiffs cite no case law to support their argument.

the pleadings. However, should this Court determine that the NOI is properly deemed incorporated into the Complaint by reference, conversion to a 12(b)(1) motion is appropriate.

CONCLUSION

For the foregoing reasons, defendant Tri-Municipal Sewer Commission respectfully requests an order granting summary judgment in its favor and dismissing the Complaint in its entirety as against Jorge and Imme Klebe. In the alternative, if the Court converts this action to a motion to dismiss, defendant Tri-Municipal respectfully requests an order granting the motion to dismiss in its favor and dismissing the Complaint in its entirety as against Jorge and Imme Klebe.

Dated: New York, New York
April 25, 2008

SIVE, PAGET & RIESEL, P.C.
Attorneys for defendant
Tri-Municipal Sewer Commission

By: ______________________
STEVEN C. RUSSO (SR-7689)
460 Park Avenue
New York, New York 10022
(212) 421-2150

Of Counsel:

Jessica A. Steinberg*

* Bar Admission Pending

P:\4921\Reply Brief.Final.doc