UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JORGE KLEBE and IMME KLEBE,

                            Plaintiffs,

   -v-

TRI MUNICIPAL SEWER COMMISSION,

                            Defendant.

Case No. 07-CV-7071 (KMK)

<u>OPINION AND ORDER</u>

---

Appearances:

Michael H. Sussman, Esq.
Sussman & Watkins
Goshen, NY
*Counsel for Plaintiffs*

Steven C. Russo, Esq.
Sive, Paget & Riesel, P.C.
New York, NY
*Counsel for Defendant*

James M. Fedorchak, Esq.
Gellert & Klein, P.C.
Poughkeepsie, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiffs Jorge and Imme Klebe ("Plaintiffs") brought this action pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.*, and state law, alleging that Tri-Municipal Sewer Commission ("Defendant"), in the course of operating a sewage treatment facility in Poughkeepsie, New York, "cause[d] the unpermitted discharge of waste into the Hudson River" and "emitted noxious odors," thereby violating the CWA and New York nuisance law. (Compl.

¶¶ 6, 11.)  Defendant moves for summary judgment.  For the reasons stated herein, Defendant's motion is granted.

## I.  Background

Defendant operates a sewage treatment plant in Poughkeepsie, New York.  (Def.'s Statement Pursuant to Local Rule 56.1 ("Rule 56.1 Statement") ¶ 1.)  Defendant's operations are governed by a State Pollutant Discharge Elimination System ("SPDES") permit issued by the New York State Department of Environmental Conservation.  (*Id.*)  Defendant's SPDES permit specifies "effluent limit[s]" and "monitoring requirements" for 11 "parameter[s]" — flow, carbonaceous biological oxygen demand ($CBOD_5$), suspended solids, settleable solids, pH, ammonia, TKN (nitrogen), temperature, total copper, fecal coliform, and total residual chlorine — as well as a "[c]ompliance [a]ction" for a twelfth parameter, mercury.  (Aff. of Steven C. Russo Supp. Def.'s Summ. J. Mot. ("Russo Aff.") Ex. D (SPDES Discharge Permit effective Sept. 1, 2004, at 3, 5); Rule 56.1 Statement ¶ 1.)

In a letter to Defendant and to federal and state authorities, dated February 1, 2007, and signed February 2, 2007, Plaintiffs alleged that "the Tri Municipal Plant and Compost Facility, situate[d] at 171 Sheafe Rd., Wappinger[s] Falls, New York . . . has repeatedly violated the limitations imposed by its SPDES permit, causing discharge of unpermitted waste products into the Hudson River and thereby degrading said river."  (Russo Aff. Ex. A (Notice of Violation and Intent to Sue ("NOI Letter") ¶ 2).)  The letter identified Plaintiffs as "JORGE and IMSSY [sic] KLEBE OF SHEAFE ROAD, TOWN OF WAPPINGER, STATE OF NEW YORK."  (*Id.* first unnumbered para.)  The letter alleged "that said unpermitted and illegal discharges are, and have been, continuing in nature since at least 2001" (*id.* ¶ 3), and asserted that Plaintiffs intended "to

2

initiate suit pursuant to the Clean Water Act and other relevant statutes to cause this practice to desist and to abate the adverse environmental impacts of such illegal conduct" (*id.* ¶ 5).

On August 8, 2007, Plaintiffs filed suit in this Court, alleging that Plaintiffs' NOI letter had "notified both defendant and relevant state and federal regulatory agencies of their intent to file this suit" (Compl. ¶ 4), and that "[n]one of the recipients of said notice letter responded in any manner or took any action either to remediate violations of the [CWA] or to prevent said violations from continuing" (*id.* ¶ 5). Plaintiffs asserted that Defendant's operation of its sewage treatment plant had violated the CWA "[s]ince its start-up in 1989 and continuing." (*Id.* ¶ 6.) Plaintiffs also alleged that the plant "has emitted noxious odors of particular impact to adjacent property owners, like plaintiffs" (*id.* ¶ 11), and that one or both Plaintiffs had put Defendant on notice of those odors (*id.* ¶ 14). Specifically, Plaintiffs contended that Defendant violated the CWA "[b]y discharging waste products in excess of its SPDES violation [sic]" (*id.* ¶ 17), and that such discharge and emission of noxious odors created a nuisance (*id.* ¶ 18). Plaintiffs sought remedies including compensatory damages, remediation of damage to the Hudson River, and injunctive relief. (*Id.* final unnumbered paragraph.) Defendant answered by asserting, *inter alia*, that "[t]his Court lacks subject matter jurisdiction over plaintiffs' claims" (Answer ¶ 20), and that "Plaintiffs' notice letter is an insufficient and improper basis upon which to bring a citizen suit under the Clean Water Act" (*id.* ¶ 21).

Defendant subsequently moved for summary judgment, arguing that Plaintiff's NOI letter was facially "insufficient to comply with the CWA notice requirements" (Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") 2), that the Court therefore lacks subject matter jurisdiction over Plaintiffs' CWA claim (*id.* 1), and that the Court should decline supplemental

jurisdiction over Plaintiffs' state law nuisance claim (*id.* 2). Plaintiffs opposed Defendant's motion, arguing that Plaintiffs' NOI letter "clearly allows [Defendant] . . . to identify the specific standard or limitation alleged to have been violated" and "is therefore adequate." (Pls.' Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. ("Pls.' Mem.") 5.) The Court held oral argument on December 8, 2008.

## II. Discussion

### A. Standard of Review

Summary judgment may be granted when it is shown that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. In that event, the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006) ("[S]peculation alone is insufficient to defeat a motion for summary judgment.").

        B.  Plaintiffs' Proposed Conversion to Motion to Dismiss

        The Court must first consider Plaintiffs' threshold argument that Defendant's summary judgment motion is not properly before the Court. Plaintiffs argue that the Court should convert Defendant's motion for summary judgment to a motion to dismiss for lack of subject matter jurisdiction, noting that "[a] motion for summary judgment proceeds typically after all discovery has been conducted." (Pls.' Mem. 3.) Accordingly, Plaintiffs have declined to answer Defendant's Rule 56.1 Statement, responding only that Plaintiffs "contend that the notice letter sufficiently provided the defendant notice of the standards it violated [all those shown to have been exceeded in its monitoring reports since 2001] and how it committed said violations [by and through operation of the sewer treatment facility at the stated address within this judicial district]" (*id.* 3 n.1) (bracketed text in original), and thus dispute Defendant's Rule 56.1 Statement ¶ 5 ("The NOI letter does not include information for Tri-Municipal to know what specific standard or limitation it allegedly violated, what activity constituted said violation, or the date the violation allegedly occurred. The NOI letter does not include the full address and phone number of Jorge and Imssy [sic] Klebe." (internal citation omitted)). Defendant notes in response that a movant may seek summary judgment based on the pleadings alone, and that in any event summary judgment is the only proper motion where, as here, it is necessary for the Court to look outside the pleadings to decide whether the movant is entitled to judgment as a matter of law. (Def.'s Reply Mem. of Law in Supp. of Mot. for Summ. J. 8.)

The Court finds that Defendant's motion for summary judgment is properly before the Court at this time. Rule 56 provides that a defendant "may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment," *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *see also Jackson v. Onondaga County*, 549 F. Supp. 2d 204, 211 (N.D.N.Y. 2008), but Plaintiffs cite no authority for their novel view that the Court may convert Defendant's Rule 56 summary judgment motion to a Rule 12(b)(1) motion and then *deny* that motion. This Court joins Judge Swain in being unable to locate any support for such a proposition. *See Martinson v. Menifee*, No. 02-CV-9977, 2007 WL 2106516, at *6 (S.D.N.Y. July 18, 2007) ("[T]he Court has not found any statutory or common law authority for converting a motion for summary judgment into a motion to dismiss."). To the extent that Plaintiffs' observation that summary judgment motions typically follow the completion of discovery may be construed as an argument that Plaintiff is unable, in the absence of discovery, to "present facts essential to justify its opposition" to Defendant's motion, then Plaintiffs were free to make that argument under Fed. R. Civ. P. 56(f).[1] But Plaintiffs have failed to comply with the requirements of Rule 56(f) in presenting that argument to the Court. "To oppose a motion on the basis of Rule 56(f), a party

---

[1] Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

6

must file an affidavit detailing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why these efforts were unsuccessful." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 606 (2d Cir. 2005). Plaintiffs have neither filed such an affidavit nor explained in their memorandum of law opposing summary judgment what facts they would seek to discover. Indeed, because summary judgment is sought not on the merits of Plaintiffs' substantive allegations, but only on the narrow issue of the Court's jurisdiction, a question that requires no discovery, it is unsurprising that Plaintiffs have not sought relief under Rule 56(f).

> C.  Adequacy of NOI Letter

Turning to the merits of Defendant's summary judgment motion, the Court inquires whether Plaintiffs' NOI letter was inadequate as a matter of law or whether Plaintiffs have established the existence of a material issue of fact as to the adequacy of the notice.

"The objective of [the CWA] is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To further that objective, the CWA states that "the discharge of any pollutant by any person shall be unlawful" "[e]xcept as in compliance" with certain statutory provisions. *Id.* § 1311(a). One such provision establishes a "[n]ational pollutant discharge elimination system" ("NPDES"), *id.* § 1342, which authorizes states to issue permits for the discharge of pollutants into navigable waterways, *see id.* § 1342(b). New York's program of issuing permits pursuant to this CWA provision is known as SPDES, *see* N.Y. Envtl. Conserv. Law § 17-0105(13), and it forbids the "operat[ion] and use [of] a disposal system for the discharge of sewage, industrial waste, or other wastes or the effluent

therefrom, into the waters of the state" except in conformity with an SPDES permit, *id.* § 17-0701(1)(b).

The CWA allows enforcement via citizen suits in federal district court. *See* 33 U.S.C. § 1365(a). "[A]ny citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." *Id.* § 1365(a)(1). However, no such action may be initiated "prior to sixty days after the plaintiff has given notice of the alleged violation . . . to any alleged violator of the standard, limitation, or order" and to federal and state authorities. *Id.* § 1365(b)(1)(A).

Strict compliance with this "notice provision is a mandatory, not optional, condition precedent for suit." *Hallstrom v. Tillamook County*, 493 U.S. 20, 26 (1989); *see also Dague v. City of Burlington*, 935 F.2d 1343 (2d Cir. 1991) (applying *Hallstrom* to CWA notice provision), *rev'd in part on other grounds*, 505 U.S. 557 (1992); *City of New York v. Anglebrook Ltd. P'ship*, 891 F. Supp. 900 (S.D.N.Y. 1995) (same). Such notice allows for the alleged violator to comply with the CWA, or for a government agency to attempt to bring the violator into compliance. *See Hallstrom*, 493 U.S. at 29. Environmental Protection Agency ("EPA") regulations specify the minimum requirements for Section 1365(b) notice:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).

The Second Circuit has held, in the case of an NOI letter alleging the unlawful discharge of certain pollutants, followed by a complaint alleging the discharge of an additional pollutant not specifically mentioned in the NOI letter, that the plaintiffs had failed as a matter of law to "provide adequate notice" of any claim based on the omitted pollutant. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 485 (2d Cir. 2001). In particular, the Second Circuit has held that "an NOI letter must identify with reasonable specificity each pollutant that the defendant is alleged to have discharged unlawfully. Failure to do so will justify a district court's dismissing claims based on pollutants not properly noticed." *Id.* at 488; *see also id.* at 487 ("[T]o be 'sufficient,' the information provided must include the pollutant alleged to be the basis of a violation subsequently alleged in the complaint.").

Here, Plaintiffs failed to identify any specific pollutant in their NOI letter, merely referring to the "discharge of unpermitted waste products" in violation of Defendant's SPDES permit. (NOI Letter ¶ 2.) Plaintiffs' Complaint was similarly vague, alleging "unpermitted discharge of waste" "in violation[] of its SPDES permit" (Compl. ¶¶ 6, 12), thus avoiding the plaintiffs' error in *Catskill Mountains* of insufficiently warning the defendants of specific claims subsequently to be made in the complaint, but this hardly counts as a virtue. It cannot be the case that Plaintiffs may circumvent the *Catskill Mountains* requirement of adequate notice by making equally vague allegations in the NOI letter and the Complaint. Thus, Plaintiffs' NOI letter failed as a matter of law to "include sufficient information," 40 C.F.R. § 135.3(a), and cannot provide Plaintiffs with standing to pursue a CWA citizen suit pursuant to 33 U.S.C. § 1365(a). *See Catskill Mountains*, 273 F.3d at 488 (holding that failure to "specify *each* pollutant unlawfully discharged that will be alleged in a subsequent complaint" justifies

9

dismissal (emphasis added)).[2]

Plaintiffs note that the EPA regulation requires only that an NOI letter "include sufficient information *to permit the recipient to identify* the specific standard, limitation, or order alleged to have been violated," 40 C.F.R. § 135.3(a) (emphasis added), and contend that Defendant "has not claimed that the plaintiff[s'] notice letter in any way impeded it from gaining notice of those violations of the effluent limitations it has committed since 2001" (Pls.' Mem. 4-5). Plaintiffs further assert that Defendant "possesses its permit," that the permit is "specifically referenced in the notice letter," and that "[p]eriodic monitoring reports, done by [Defendant] or its agents, show the discharge violations"; thus, the NOI letter "clearly allows [Defendant] . . . to identify the specific standard or limitation alleged to have been violated." (*Id.* 5.) Essentially, Plaintiffs argue that the *Catskill Mountains* requirement of specificity is inapplicable where a plaintiff alleges that a defendant has violated an NPDES discharge permit.

This argument is without merit. In fact, in *Catskill Mountains*, Judge Walker noted that the need for the notice requirement is particularly germane to cases involving allegations of permit violations: "The rationale for such a rule is most apparent in the context of a suit alleging discharges in excess of NPDES permit limitations, in which the defendant may be discharging some pollutants lawfully and others unlawfully. To enable the defendant to identify each violation that will be alleged, then, the NOI letter must specify each pollutant unlawfully discharged that will be alleged in a subsequent complaint." *Catskill Mountains*, 273 F.3d at 487-

---

[2] In fact, as Defendant points out, Plaintiffs' NOI letter is vague enough to be interpreted to allege that Defendant has exceeded the effluent limits of its SPDES permit for some or all of the 12 covered pollutants and/or that Defendant has discharged pollutants not even covered by the SPDES permit.

88; *see also Am. Canoe Ass'n v. D.C. Water & Sewer Auth.*, 306 F. Supp. 2d 30, 36 (D.D.C. 2004) (noting that "*Catskill Mountains* says nothing about how specific notice must be when a citizen suit is brought to stop violations of non-effluent portions of a NPDES permit"). Here, where the Parties agree that Defendant's SPDES permit sets limits on 12 different pollutants (Pls.' Mem. 5; Def.'s Mem. 3), Plaintiffs cannot have given proper notice of Defendant's specific violations merely by broadly accusing Defendant of having discharged "unpermitted waste products" into the Hudson River.[3]  *See Nat'l Parks & Conservation Ass'n v. Tenn. Valley Auth.*, 502 F.3d 1316, 1330 (11th Cir. 2007) (rejecting as insufficient an NOI letter that "broadly alleged" that a facility "violated 'all of the requirements'" of a permit); *Pub. Interest Research Group of New Jersey, Inc. v. Hercules, Inc.*, 50 F.3d 1239, 1248 (3d Cir. 1995) (interpreting notice regulation to require plaintiff "to identify the specific effluent discharge limitation which has been violated"); *CARS (Citizens Against Retail Sprawl) v. U.S. Army Corps of Eng'rs*, No. 04-CV-328E, 2005 WL 3534178, at *7 (W.D.N.Y. Dec. 23, 2005) ("Simply stating that the Non-Federal Defendants 'have failed to conform' to the SPDES permit without describing the manner in which they have failed does not place the Non-Federal Defendants on notice."); *Am. Canoe Ass'n, Inc.*, 306 F. Supp. 2d at 36 (noting that under *Catskill Mountains* "[n]otice is not proper if the letter generally alleges illegal discharges without naming specific substances");

---

[3] Defendant also raises a serious question about whether the NOI letter was sufficient with respect to the time frame of Defendant's alleged violations, as it alleges only that Defendant's violations are "repeated[]" (NOI Letter ¶ 2) and are "continuing in nature since at least 2001" (*id.* ¶ 3).  *Cf. Hudson Riverkeeper Fund, Inc. v. Putnam Hosp. Ctr., Inc.*, 891 F. Supp. 152, 153-54 (S.D.N.Y. 1995) (holding that where a notice letter "alleged that . . . violations were continuing, [but] did not identify the dates on which the alleged violations occurred," the letter did "not provide 'sufficient information to permit the recipient to identify . . . the date or dates' of the alleged violations" and therefore failed to comply with 40 C.F.R. § 135.3(a)).

*Sierra Club Ohio Chapter v. City of Columbus*, 282 F. Supp. 2d 756, 766 n.12 (S.D. Ohio 2003) (rejecting plaintiffs' claim that general notice of violation was sufficient because defendants "must have known the ways in which they violated their permits").

Accordingly, there is no genuine issue of material fact as to the sufficiency of Plaintiffs' NOI letter, and this Court lacks subject matter jurisdiction over Plaintiffs' CWA claim. Plaintiffs' CWA claim is "dismissed without prejudice to refiling after full compliance with 33 U.S.C. § 1365(b)(1)(A)." *Catskill Mountains*, 273 F.3d at 489.[4]

### D.  Supplemental Jurisdiction

Having dismissed Plaintiffs' sole federal claim, the Court must determine whether to exercise supplemental jurisdiction over Plaintiffs' state law claim that Defendants created a nuisance.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).  "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal citations and quotation marks omitted).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."

---

[4] The Court notes that Plaintiffs' NOI letter also failed to comply with the regulatory requirement that "[n]otice regarding an alleged violation of an effluent standard or limitation . . . shall include . . . the full name, address, and telephone number of the person giving notice," 40 C.F.R. § 135.3(a), as the NOI letter did not include an address or telephone number for either Plaintiff.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The Court finds that nothing distinguishes the instant case from "the usual case." Plaintiffs' sole federal claim is being dismissed not only prior to trial but also prior to any discovery. There is no reason to believe that judicial economy, convenience, or fairness would be served by this Court exercising supplemental jurisdiction over Plaintiffs' state law claim, and to do so would surely be inconsistent with the value of comity.

Thus, Plaintiffs' nuisance claim is dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, Defendant's motion for summary judgment is granted. The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 11), to dismiss Plaintiffs' Complaint without prejudice, and to close this case.

SO ORDERED.

Dated:  December 15, 2008
        White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

13

Service List (By ECF):

Michael H. Sussman, Esq.
Sussman & Watkins
P.O. Box 1005
55 East Main Street
Goshen, NY 10924
sussman1@frontiernet.net

Steven C. Russo, Esq.
Sive, Paget & Riesel, P.C.
460 Park Avenue
New York, NY 10022
srusso@sprlaw.com

James M. Fedorchak, Esq.
Gellert & Klein, P.C.
75 Washington Street
Poughkeepsie, NY 12601
jfedorchak@gklaw.us